UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
BENSON EVERETT LEGG
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-0723

_____FILED _____ENTERED
_____LODGED _____RECEIVED

MAY 1 2000

AT BA......
CLERK U.S. DI......COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

April 27, 2000

MEMORANDUM TO COUNSEL
    RE: <u>VERNON LEE EVANS, JR. v. WILLIE SMITH</u>, CIVIL NO.
    L-97-3711

    This Court has reviewed the Supreme Court's recent decision in <u>Slack v. McDaniel</u>, 2000 WL 478879 (Apr. 26, 2000). In <u>Slack</u>, the Supreme Court held that a petition for habeas corpus relief that was originally dismissed for failure to exhaust state remedies is not a "second or successive" petition under 28 U.S.C. § 2254 when the petition is refiled after the petitioner has exhausted state remedies. In so holding, the Supreme Court interpreted <u>Stewart v. Martinez-Villareal</u>, 523 U.S. 637 (1998) to apply equally to both dismissals of habeas corpus petitions on ripeness grounds and exhaustion. Further, the Court interpreted <u>Rose v. Lundy</u>, 455 U.S. 509 (1982), to hold that "only if a prisoner declined to return to state court and decided to proceed with his exhausted claims in federal court [would] the possibility [arise] that a subsequent petition would be considered second or successive."

    Here, Mr. Evans did not decline to return to state court. Instead, Mr. Evans asked this Court either to permit him to amend his petition to include his new <u>Brady</u> claim, or to stay his habeas corpus proceedings while he exhausted the claim in state court. The Court denied both requests. Mr. Evans attempted to pursue all his constitutional claims in one petition, but was denied the opportunity to assert his <u>Brady</u> claim on procedural grounds. This Court therefore is inclined to find that <u>Slack v. McDaniel</u> and <u>Stewart v. Martinez-Villareal</u> permit this Court to consider Mr. Evans's habeas corpus petition on his <u>Brady</u> claim as not second or successive.

    The Court instructs the parties to submit a joint status report within twenty (20) days of this Order. In the report, the

parties are to inform the Court of the following:

    (i)   whether the parties agree with the Court's analysis;

    (ii) if the parties agree, the parties are to submit a proposed briefing schedule for Mr. Evans's habeas corpus petition; and

    (iii) if the parties do not agree with the Court, the parties are to submit a proposed briefing schedule on the issue of whether Mr. Evans's petition is second or successive in light of the Supreme Court's decision in <u>Slack v. McDaniel</u>.

    Despite the informal nature of this Memorandum, it shall be treated as an Order of the Court and the Clerk is directed to docket it accordingly.

                                               Very Truly Yours,

                                               Benson Everett Legg

c:   Court file